UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Roderick L. Hymon,<br><br>    Plaintiff,<br><br> v.<br><br>Las Vegas Metropolitan Police Department Officer Rose; District Attorney Glen O'Brien,<br><br>    Defendants. | Case No. 2:23-cv-01276-GMN-DJA<br><br>**Order** |

  Plaintiff is proceeding *pro se* under 28 U.S.C. § 1915 and has requested authority to proceed *in forma pauperis.* (ECF No. 1). Plaintiff also submitted a complaint. (ECF No. 1-1). Because the Court finds that Plaintiff's application is complete, it grants his application to proceed *in forma pauperis*. However, because the Court finds that Plaintiff's complaint lacks sufficient facts, it dismisses his complaint with leave to amend.

**I.** *In forma pauperis* **application.**

  Plaintiff has filed the application required by § 1915(a). (ECF No. 1). Plaintiff has shown an inability to prepay fees and costs or to give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). The Court will now review Plaintiff's complaint.

**II.** **Screening standard.**

  Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint under § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the

complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly*, 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Under 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Cases "arise under" federal law either when federal law creates the cause of action or where the vindication of a right under state law necessarily turns on the construction of federal law. *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002). Whether federal-question jurisdiction exists is based on the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under 28 U.S.C. § 1332(a), federal

district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states."  Generally speaking, diversity jurisdiction exists only where there is "complete diversity" among the parties; each of the plaintiffs must be a citizen of a different state than each of the defendants.  *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

**III.    Screening the complaint.**

Plaintiff alleges that Officer Rose falsely arrested him on June 17, 2023 when Plaintiff was on police department property.  Plaintiff alleges that he was being stalked by "others/unknown individuals" and thus needed help when Rose arrested him.  He further alleges that District Attorney O'Brien filed a false trespass charge against him on July 11, 2023, which gave Officer Rose justification to arrest Plaintiff and search Plaintiff for drugs.  Plaintiff brings two causes of action: (1) violation of his Eighth Amendment right to be free from cruel and unusual punishment; and (2) violation of the Due Process and Equal Protection clauses of the Fourteenth Amendment.

*A.    Cruel and unusual punishment.*

Plaintiff alleges no facts that would support an Eighth Amendment claim or a Fourteenth Amendment cruel and unusual punishment claim.  Plaintiff does not allege what conduct occurred, who acted, or when.  Plaintiff also fails to allege whether he was a pretrial detainee or an inmate when it happened.  The Court thus denies Plaintiff's Eighth Amendment claim without prejudice and provides the legal standard for these types of claims below in the event Plaintiff amends his complaint.

Inmates who sue prison officials for injuries sustained while in custody may do so under the Eighth Amendment's Cruel and Unusual Punishment Clause, or, if the claim is pursued by a pre-trial detainee who is not convicted, under the Fourteenth Amendment's Due Process Clause. *Bell v. Wolfish*, 441 U.S. 520 (1979) (holding that under the Due Process Clause, a pre-trial detainee may not be punished prior to conviction); *see Gordon v. County of Orange*, 888 F.3d 1118, 1124 (9th Cir. 2018) ("medical care claims brought by pretrial detainees…arise under the Fourteenth Amendment's Due Process Clause rather than the Eighth Amendment's Cruel and

Unusual Punishment Clause.") (internal citations and quotations omitted).  The Eighth Amendment protects inmates from inhumane methods of punishment and conditions of confinement.  *See Farmer v. Brennan*, 511 U.S. 825 (1994); *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006).  To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

### B.     *Unlawful arrest.*

Plaintiff asserts no facts that would constitute a Fourteenth Amendment equal protection claim.  The Court thus interprets Plaintiff's second cause of action as a claim for unlawful arrest under the Fourth Amendment and for violation of the Due Process Clause of the Fourteenth Amendment.  However, Plaintiff does not allege sufficient facts to constitute either claim.

42 U.S.C. § 1983 complaints challenging the constitutionality of an arrest for lack of probable cause may be brought under the Fourth Amendment.  "A claim for unlawful arrest is 'cognizable under § 1983 as a violation of the Fourth Amendment, provided the arrest was without probable cause or other justification.'" *Perez-Morciglio v. Las Vegas Metro. Police Dep't*, 820 F. Supp. 2d 1111, 1120 (D. Nev. 2011) (citing *Dubner v. City & Cnty. of S.F.*, 266 F.3d 959, 964–65 (9th Cir. 2001)).  Probable cause exists if, at the time of the arrest, "under the totality of the circumstances known to the arresting officers (or within the knowledge of the other officers at the scene), a prudent person would believe the suspect had committed a crime." *Perez-Morciglio*, 820 F. Supp. 2d at 1121 (citing *Blankenhorn v. City of Orange*, 485 F.3d 463, 471–72 (9th Cir. 2007)).  The Fourteenth Amendment's due process clause requires that before the government deprives a person of life, liberty, or property, it must give the person notice and an opportunity to be heard.  *See Clement v. City of Glendale*, 518 F.3d 1090, 1093 (9th Cir. 2008).

Here, Plaintiff does not allege sufficient facts to allege unlawful arrest.  He alleges that he was not trespassing and that District Attorney O'Brien's charge of trespass was "false" because Plaintiff was in distress when he was on police department property.  As a result, Plaintiff asserts that Officer Rose's arrest was unlawful.  But this does not provide the Court sufficient

information to find that Officer Rose lacked probable cause. Indeed, it appears from Plaintiff's allegations that Officer Rose was acting pursuant to a warrant.

Additionally, Plaintiff has not asserted sufficient facts to allege a violation of his Fourteenth Amendment due process rights. Plaintiff asserts that he was arrested. But he does not allege that he was deprived of any process following that arrest. Without more, the Court cannot find a colorable Fourteenth Amendment claim.

### C.   *Malicious prosecution.*

It appears that Plaintiff may be alleging a malicious prosecution claim. However, he does not provide sufficient facts to support it. The Court thus includes the applicable legal standard below to the extent Plaintiff wishes to amend his complaint to include this claim.

A claim for malicious prosecution or abuse of process is not generally cognizable under Section 1983 if a process is available within the state judicial system to provide a remedy. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987) (citations omitted). The exception is "when a malicious prosecution is conducted with the intent to deprive a person of equal protection of the laws or is otherwise intended to subject a person to denial of constitutional rights." *Id.* at 562. (citations omitted). In order to prevail on a Section 1983 claim of malicious prosecution, a plaintiff "must show that the defendants prosecuted [him] with malice and without probable cause, and that they did so for the purpose of denying [him] equal protection or another specific constitutional right." *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir. 1995) (citations omitted); *see also Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004); *Lacey v. Maricopa County*, 693 F.3d 896, 919 (9th Cir. 2012). A malicious prosecution claim may be brought against prosecutors or against the individuals who wrongfully caused the prosecution. *Smith v. Almada*, 640 F.3d 931, 938 (9th Cir. 2011). Probable cause is an absolute defense to malicious prosecution. *Lassiter v. City of Bremerton*, 556 F.3d 1049, 1054-55 (9th Cir. 2009). In order to state a malicious prosecution claim, Plaintiff must show that the prior proceeding was commenced by or at the direction of a defendant and it was: (1) pursued to a legal termination favorable to plaintiff; (2) brought without probable cause; and (3) initiated with malice. *Ayala v. Environmental Health*, 426 F.Supp.2d 1070, 1083 (E.D. Cal. 2006). For the

termination to be considered "favorable" to the malicious prosecution plaintiff, it must be reflective of the merits of the action and of the plaintiff's innocence of the charges. *Villa v. Cole*, 4 Cal.App.4th 1327, 1335 (1992); *Awabdy*, 368 F.3d at 1068 ("An individual seeking to bring a malicious prosecution claim must generally establish that the prior proceedings terminated in such a manner as to indicate his innocence.").

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is **granted.** Plaintiff will **not** be required to pay an initial installment fee. Nevertheless, the full filing fee will still be due, pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act. The movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefor.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act, the Clark County Detention Center will forward payments from the account of **Roderick Lamare Hymon, Inmate No. 631076**, to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. The Clerk of Court is kindly directed to send a copy of this order to the Finance Division of the Clerk's Office. The Clerk of Court is also kindly directed to send a copy of this order to the attention of **Chief of Inmate Services for the Clark County Detention Center** at 330 S. Casino Center Blvd., P.O. Box 43059, Las Vegas, NV 89116.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to file Plaintiff's complaint (ECF No. 1-1) on the docket, but shall not issue summons.

**IT IS FURTHER ORDERED** that Plaintiff's complaint is **dismissed without prejudice and with leave to amend**. Plaintiff will have until **November 29, 2023** to file an amended complaint to the extent he believes he can correct the noted deficiencies. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) to make the amended complaint complete. This is because, generally, an amended complaint supersedes the original complaint. Local Rule 15-1(a) requires that an

amended complaint be complete without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to mail Plaintiff a copy of this order.

DATED: October 30, 2023

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE