# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| RODERICK L. HYMON, | ) |
| Plaintiff, | ) Case No.: 2:23-cv-01276-GMN-EJY |
| vs. | ) |
| OFFICER ROSE, *et al.*, | ) **ORDER DENYING OBJECTION/APPEAL** |
| Defendants. | ) |

Pending before the Court is Plaintiff Roderick L. Hymon's Objection/Appeal, (ECF No. 13), to Magistrate Judge Daniel J. Albregts Order, (ECF No. 3), granting Plaintiff's Motion/Application for Leave to Proceed in forma pauperis, (ECF No. 1), and dismissing without prejudice and with leave to amend Plaintiff's Complaint. (ECF No. 1-1)

For the reasons discussed below, the Court **OVERRULES** Plaintiff's Objection/Appeal, and **ADOPTS** the Magistrate Judge's Order.

A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); D. Nev. R. IB 3-2.  Upon the filing of such objections, the Court must make a *de novo* determination of those portions to which objections are made. *Id.*  The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); D. Nev. R. IB 3-2(b).

Local Rule IB 3–2 requires a party to file "specific written objections" to a Report and Recommendation. *See also Greene v. People of California*, No. 2:15–cv–378, 2015 WL 4393897, at *1 (D. Nev. July 16, 2015).  "Numerous courts have held that a general objection to the entirety of a magistrate judge's report has the same effect as a failure to object."

*Alcantara v. McEwen*, No. 12-cv-401, 2013 WL 4517861, at *1 (S.D. Aug. 15, 2013) (collecting cases). To be specific, an objection must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. *See Sullivan v. Schriro*, 04-cv-1517, 2006 WL 1516005, at *3–5 (D. Ariz. May 30, 2006). An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. *See DeJarlais v. King*, No. 15-cv-1005, 2015 WL 8180582, at *1 (S.D. Cal. Dec. 7, 2015) (determining that the plaintiff filed a general objection which relieved the court of conducting a *de novo* review where the plaintiff's objection consisted of incorporating the facts, claims, and arguments made in his previous filings); *see also Grady v. Biter*, No. 13-cv-2479, 2016 WL 537175, at *2 (S.D. Cal. Feb. 10, 2016).

    Plaintiff's Objection/Appeal is a general objection, as it summarily contends in a single sentence that the Magistrate Judge's Order was in error. (Obj./Appeal at 1, ECF No. 13). His filing fails to identify with any degree of specificity how, where, and why the Magistrate Judge erred. *See DeJarlai*, 2015 WL 8180582, at *1. By filing a general objection, Plaintiff effectively failed to object to the Magistrate Judge's Order. While the Court is not obligated to conduct a *de novo* review considering Plaintiff's general objection, it still performed a *de novo* review of the entire record in this matter and fully **ADOPTS** the Magistrate Judge's Order.

    **IT IS HEREBY ORDERED** that Plaintiff's Objection/Appeal, (ECF No. 13), is **OVERRULED**.

    **IT IS FURTHER ORDERED** that the Magistrate Judge's Order, (ECF No. 3), is **ADOPTED.**

Plaintiff shall have until May 1, 2024, to file an amended complaint which corrects the deficiencies in the Complaint identified by the Magistrate Judge. (Order 2:22–6:5). Failure to file an amended complaint may result in this action being dismissed with prejudice.

**DATED** this __1__ day of April, 2024.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT